## 9028.  COLLINS v. THE STATE.

It affirmatively appearing from the extraordinary motion for new trial that all of the alleged newly discovered testimony was either known to the defendant at the time of trial, or inadmissible as being hearsay, or impeaching in its character, the trial court properly overruled the motion.

DECIDED OCTOBER 31, 1917.

Indictment for selling intoxicating liquor; from Tattnall superior court—Judge Sheppard.  May 25, 1917.

*H. H. Elders,* for plaintiff in error.

*W. F. Slater, solicitor-general,* contra.

HARWELL, J.  In January, 1917, J. W. Collins was convicted in the superior court of Tattnall county of selling liquor, his motion for a new trial was overruled by the trial judge, and the judgment overruling his motion was affirmed by this court.  See 19 *Ga. App.* 751 (92 S. E. 229).  On May 16th, 1917, Collins made an extraordinary motion for a new trial, based upon the alleged newly discovered testimony of J. C. Collins, W. A. Brown, and E. J. Brown.  It affirmatively appears, from the recitals in the motion, that the defendant knew, at the time of his trial, of the testimony of J. C. Collins; that, as a matter of fact, he had subpoenaed this witness to testify in his behalf on his trial, and had asked for a continuance because of the inability of this witness to attend the trial.  The motion also shows that the facts sought to be proved by W. A. Brown were entirely impeaching in character, being an effort to impeach the testimony of one Rogers, who testified against defendant in the first trial.  Not only was the testimony of this new witness altogether impeaching in its character, and a large part of it hearsay and therefore inadmissible, but in addition it must have been, under the facts alleged in the affidavit, as well known to the defendant as to the witness.  The newly discovered evidence of E. J. Brown also, as shown by his affidavit, sought only to impeach the testimony of the witness Rogers.  We not only think that the trial judge did not abuse his discretion in overruling this extraordinary motion for a new trial, but we consider his judgment imperative, in view of the nature of the three affidavits offered in support of the motion.

*Judgment affirmed.  Broyles, P. J., and Bloodworth, J., concur.*